**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                       **CRIMINAL ACTION NO. 3:12-CR-42**
                                                **(JUDGE GROH)**

**RUSTY MARK EDWARDS,**

    Defendant.

## ORDER DENYING MOTION TO REDUCE SENTENCE

Pending before this Court is the Defendant/Petitioner's *pro se* Motion to Reduce Sentence [Doc. 62], filed on July 1, 2013. On August 13, 2012, the Defendant pled guilty to Count I of a three-count indictment, charging him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B). As a result, on February 11, 2013, the Court sentenced the Defendant to sixty (60) months imprisonment, to be followed by four years of supervised release. Thereafter, the Defendant filed a notice of appeal, which is currently pending before the United States Court of Appeals for the Fourth Circuit. The Defendant has now filed the instant Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c).

18 U.S.C. §3582(c) provides a district court with authority, under certain circumstances, to reduce a sentence already imposed:

    (c)    Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—

        (1)    in any case—

  (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

  (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[1]; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] Pursuant to Rule 35, a court may reduce a sentence in only two circumstances: (1) to correct, within fourteen days after sentencing, a clear error in arithmetic; or (2) upon the government's motion made within one year of sentencing, if the defendant provided substantial assistance in investigating or prosecuting another person. FED. R. CR. P. 35(a)-(b). Neither of these grounds is applicable to the instant case.

> lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In support of his request for a sentence reduction, the Defendant alleges severe financial and emotional difficulties being faced by his family in his absence. While the Court recognizes the Defendant's family's unfortunate circumstances, it has no authority to modify the Defendant's sentence on the basis asserted, for two reasons.

First, most statutory authority for sentence reductions requires either the Bureau of Prisons or the Government to file a motion. *See* 18 U.S.C. §3582(c)(1)(A)-(B). Here, it is the Defendant who has filed the instant motion.

Second, a §3582(c)(2) reduction, the only remaining basis, is inapplicable to the Defendant. Pursuant to §3582(c)(2), a court may reduce a term of imprisonment that was imposed using a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o). Here, the Defendant was sentenced pursuant to §2D1.1 of the Sentencing Guidelines. At the time of Defendant's sentencing, and presently, §2D1.1(c)(5) sets a base offense level of 30 for an offense involving at least 700 kilograms, but less than 1,000 kilograms, of marijuana (or marijuana equivalency)[2] for

---

[2] The parties stipulated that the Defendant's total drug relevant conduct was 202.7 grams of cocaine base, 5.4 grams of cocaine hydrochloride, and 459.9 grams of marijuana. Pursuant to Application Note 8(B) to §2D1.1, the cocaine base and cocaine hydrochloride were converted into marijuana equivalencies for purposes of obtaining a single offense

3

defendants convicted under 21 U.S.C. §§841(a)(1) and 841(b)(1)(B). *Compare* U.S.S.G. §2D1.1(c)(5) (2011) *with* U.S.S.G. §2D1.1(c)(5) (2012). Thus, the Defendant's sentencing range has not been lowered.

For the foregoing reasons, the Defendant's Motion to Reduce Sentence **[Doc. 62]** must be **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** July 3, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

level. According to Application Note 10(D), 1 gram of cocaine base is equivalent to 3,751 grams of marijuana. Therefore, 202.7 grams of cocaine base is equivalent to 723.84 grams of marijuana. Furthermore, 1 gram of cocaine hydrochloride is equivalent to 200 grams of marijuana. Therefore, 5.4 grams of cocaine hydrochloride is equivalent is 1.08 kilograms of marijuana. Combined with the 459.9 grams of seized marijuana, the total marijuana equivalency in the Defendant's case was 725.379 kilograms, constituting a base offense level of 30 pursuant to §2D1.1(c)(5).

4