IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.              **CRIMINAL CASE NO. 3:12-CR-42**
                 (JUDGE GROH)

**RUSTY MARK EDWARDS,**

 Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO AMEND PRESENTENCE INVESTIGATION REPORT

Defendant Rusty Mark Edwards pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On February 11, 2013, the Court sentenced him to a sixty-month term of imprisonment and four years of supervised release.

On January 16, 2014, the Defendant filed a letter [Doc. 69] that the Court construes as a motion to amend this matter's presentence investigation report ("PSR"). This letter requests that the Court revise his PSR to add that he was drinking alcohol and taking pain pills until the date of his incarceration. He claims that this information needs to be in his PSR so that he can participate in the 500-Hour Residential Drug Abuse Treatment Program ("RDAP"). He also states that he did not disclose this information before his sentencing.

A defendant has fourteen days from the date that he receives the PSR to object to it in writing. **FED. R. CRIM. P.** 32(f)(1). This includes "objections to material information .

. . omitted from the report." *Id.* After that time, a court may allow new objections to the PSR "for good cause," but only until the court imposes a sentence. FED. R. CRIM. P. 32(i)(1)(D). Thus, objections made to the PSR after sentencing are untimely. *See id.*

Here, the Defendant received the PSR before his sentencing hearing on February 11, 2013. Only now, nearly one year after his sentencing hearing, has the Defendant argued that the PSR should include that he was consuming alcohol and pain pills until his incarceration. Indeed, he admits that he did not apprise the probation officer or the Court of this information before sentencing. His request to amend the PSR therefore is far beyond the time period that he had to object to its content under Rule 32. Accordingly, the Court **DENIES** the Defendant's motion to amend his PSR because it is untimely. *See **United States v. Jackson**,* No. 05-96, 2012 WL 396006, at *1 (E.D. La. Feb. 7, 2012) (denying motion that requested removal of information from PSR because it was filed after sentencing); *see also **United States v. Riley**,* No.09-CR-0098(1) PJS, 2012 WL 787403, at *1-*2 (D. Minn. Mar. 8, 2012) (denying motion requesting amendment of PSR to state that the defendant, who sought admission to RDAP, was an alcoholic because, among other things, the PSR accurately reflected the information given by the defendant at the time of sentencing).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

DATED: January 27, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE